## Black v. Barton's Administrators.

Where the vendor executed a deed to the vendee with general warranty, and at the same time the vendee executed a bond to the vendor, upon the following condition, " Now if the said land shall be sued for and recovered by any person claim- "ing the same, within three years from and after the date hereof, then and in " that case the said John Black, (the vendee) is to receive the amount which he " has paid to said Barton (the vendor) back as payment. The intention of this "instrument is to give Wayne Barton (the vendor) time sufficient for the stat- "ute of limitations to bar, from his settlement of said lands—then this obliga- "tion to be void," and the vendee was not evicted within three years, but was evicted afterwards, it was held that the bond was merely a limitation of the amount of damages to be recovered by the vendee in case of eviction within the three years, and that after the expiration of that time, the general warranty was in force for the full amount of the damages which might be recoverable at law.

Appeal from Washington.

*J. Sayles*, for appellant.

*Tarver, Poage* and *Giddings*, for appellees.

Lipscomb, J. This suit was brought by the appellant against the administrators of Wayne Barton, to recover damages for a breach of warranty in a deed for land sold by Barton to the appellant from which he had been evicted.

There is no controversy about the warranty in the deed; nor as to the fact of appellants having been evicted; but the defendants rely on a bond given by the appellant to Barton, the legal effect of which they contend, is to limit the warranty to three years; and they contend that the eviction was not within the three years.

The bond is in the following words, i. e.:

"Know all men by these presents, that I, John Black, of "the county of Bastrop, Republic of Texas, am held and firmly "bound unto Wayne Barton of said County and Republic, in "the penal sum of six hundred dollars to be well and truly "paid, I bind myself, my heirs, executors and administrators, "both jointly and severally, firmly by these presents, sealed "with my seal and dated this 30th day of October, 1844. "The condition of the above obligation is such, that whereas "the said above bound John Black has this day purchased from "Wayne Barton a certain tract of land containing 100 acres, for "which the said John Black paid to the said Barton five hun- "dred dollars and received from said Barton a general war- "ranty deed for the same, now if the said land shall be sued "for and recovered by any person claiming the same, within "three years from and after the date hereof, then and in that "case the said John Black is to receive the amount which he "has paid to the said Barton back as payment. The inten- "tion of this instrument is to give Wayne Barton time suffi- "cient for the statute of limitations to bar, from his settlement "of said land, then this obligation to be void, signed the "day and date above written.

"JOHN BLACK. [L. S.]

"Test: Thos. J. Hardiman,
    "Moses Gage."

I have copied literally this singular bond which we are called upon to construe and define its legal effect. It seems to us that if any meaning can be extracted from this instrument, it is to qualify the legal effect of the general warranty, and fix the amount that should be paid if the vendee should be

evicted within three years. In that event there should be no claim upon the warrantor for more than the purchase money without interest; whereas the general warranty would hold him liable for the purchase money and interest. If, however, the eviction was not within three years, the averments in the deed were to have full effect. The vendor seems to have supposed, that if his vendee should not be evicted within that time, that his title would be perfect. There might have been other considerations influencing the vendor in limiting the amount to be paid if the recovery was had and eviction within the three years. It seems that the limitation was given for the benefit of Barton. And this can be given to him, without extending the meaning of the bond of Black to embrace an entire discharge from the warranty, unless the eviction was within the three years. It is expressed that its intention was to give Barton time for his title to mature from his possession, and after that time the warranty was not controlled by the bond, but the damages for its breach should be whatever the law allowed to the vendee. The bond must be construed in connection with the warranty deed to which it refers, and when so taken it will not authorize the conclusion that it was designed to defeat the warranty entirely. Had such been the intention of the parties, it could have been easily accomplished by the vendor, instead of giving a deed with general warranty, giving a quit claim only—and his bond to the vendee to pay him back the purchase money if evicted within three years. The conclusion we have arrived at, that the bond was intended to modify the general warranty without destroying its legal effect entirely, is the only one that can be arrived at, with a due regard to the rules of construction of deeds. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.